IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60635
Summary Calendar

_____

FRANCISCO ALANIZ-SAENZ,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. A21 578 011
- - - - - - - - - -
July 18, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Francisco Alaniz-Saenz petitions for review of the decision of the Board of Immigration Appeals (BIA) that he was deportable under subsections 241(a)(2)(B)(i) and 241(a)(2)(C) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1251(a)(2)(B)(i) and 1251(a)(2)(C). Alaniz-Saenz argues that the Immigration and Naturalization Service (INS) did not prove that he was convicted of a firearm offense within the meaning of § 1251(a)(2)(C) and that there was a fatal variance between the

Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

INS' pleading and the proof of the firearm offense.  He maintains the INS alleged he was carrying a .32 caliber semi-automatic Colt handgun, but failed to present evidence that he was convicted of carrying that type of handgun.  The BIA found the INS established through clear, unequivocal, and convincing evidence that Alaniz-Saenz's conviction for carrying a handgun was a firearm offense for which he was deportable under § 1251(a)(2)(C).  Alaniz-Saenz has not presented compelling evidence to the contrary.  See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).  The BIA also implicitly determined that the INS need not establish the type of handgun that Alaniz-Saenz was convicted of carrying in order to establish that he was deportable under § 1251(a)(2)(C).  The BIA's interpretation of § 1251(a)(2)(C) is reasonable.  See Iredia v. INS, 981 F.2d 847, 849 (5th Cir.), cert. denied, 114 S. Ct. 203 (1993).

The petition for review is DENIED.